UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ROMUALD RACEWICZ, INDIVIDUALLY
AND ON BEHALF OF ALL OTHER
EMPLOYEES SIMILARLY SITUATED,

        MEMORANDUM AND ORDER

                          Plaintiff,

        14-CV-2325 (ILG)

           - against -

ALARM PROCESSING SYSTEMS, INC., THE
ESTATE OF EUGENE GOROVETS, NORA
GOROVETS, AND JOHN DOES and JANE
DOES # 1-10,

                        Defendants.
------------------------------------------------------x
GLASSER, Senior United States District Judge:

       On July 10, 2014, plaintiff Romuald Racewicz, purporting to proceed on behalf of himself and others similarly situated, filed an amended complaint against Alarm Processing Systems, Inc. ("APS"), the estate of Eugene Gorovets ("Mr. Gorovets"), Eleanora Gorovets (s/h/a "Nora Gorovets," hereinafter "Ms. Gorovets"), and several John and Jane Doe defendants who plaintiff alleges were "owners, officers, directors, and/or managing agents" of APS together with Mr. and Ms. Gorovets.

       Plaintiff states that APS employed him as an electrician from 2007 to February 28, 2014. The crux of plaintiff's claims is that he was not compensated properly (or, in some cases, at all) for the hours he worked while an APS employee. He alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"); multiple sections of the New York Labor Law, Art. 6 §§ 190, et seq., Art. 19 §§ 650 et seq. ("NYLL"); and claims for breach of contract, unjust enrichment, and quantum meruit.

       Ms. Gorovets now moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the amended complaint in its entirety as to her,

1

claiming that plaintiff has not sufficiently alleged facts supporting his claims that she was his employer as defined by the FLSA or NYLL.  For the reasons set forth below, her motion is DENIED in its entirety.

## BACKGROUND

Except where otherwise noted, the following facts are taken from plaintiff's amended complaint, Dkt. No. 10 (the "Amended Complaint"), and are accepted as true for purposes of deciding this motion.  APS is a security systems dealer located in Brooklyn that provides services at various locations throughout the City and State of New York.  Plaintiff was employed by APS as an electrician from 2007 until February 28, 2014.  Plaintiff's duties involved providing technical services to City and State public schools, as well as buildings owned by the New York City Housing Authority.

APS paid plaintiff's wages at an hourly rate.  From 2007 until September 21, 2012, plaintiff was never informed what his hourly rate actually was, but it was less than $20 per hour.  From September 22, 2012 until July 5, 2013, plaintiff was paid a rate that ranged between $20 and $25 per hour.  From July 6, 2013 until February 28, 2014, plaintiff was not paid wages at all.  Plaintiff's rate of pay was less than the prevailing wage for an alarm electrician that was established by the New York City prevailing wage schedules during each year that he worked for APS.  During the entirety of his employment at APS, plaintiff did not receive payment at the prevailing wage premium rates established by the City's prevailing wage schedules when he worked more than 40 hours a week or 8 hours a night.  Nor did defendants pay plaintiff wages at time and one-half of his regular rate for the overtime or Saturdays that he worked, or provide him with any supplemental benefits.  Defendants also failed to keep adequate records of the

2

time employees worked, or post any notices regarding rights afforded to workers under the FLSA and NYLL, despite being required to do so by those laws.

Ms. Gorovets was a managing agent of APS. She was in charge of paying its employees, and approved of its pay practices. She told plaintiff where and when to work, and dictated both how much and the manner in which plaintiff was paid. She established and administered the terms and conditions of plaintiff's employment, and had the authority to discipline him. Together with the other defendants, Ms. Gorovets held plaintiff out as her employee.

Plaintiff initiated this action on April 10, 2014. Dkt. No. 1. Ms. Gorovets moved to dismiss the initial complaint on July 7, 2014. Dkt. No. 9. Plaintiff filed the Amended Complaint on July 10, 2014, and Ms. Gorovets filed this motion on July 25, 2014. Dkt. Nos. 10 & 11. Plaintiff opposed the motion on July 31, 2014, and Ms. Gorovets replied on August 5, 2014. Dkt. Nos. 14 & 16.

## LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, the plaintiff's pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Although detailed factual allegations are not necessary, the pleading must include more than an "unadorned, the-defendant-unlawfully-harmed-me accusation;" mere

3

legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotations and citations omitted). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, on a motion to dismiss for failure to state a claim, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." York v. Ass'n of the Bar of the City of N.Y., 286 F.3d 122, 125 (2d Cir. 2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## DISCUSSION

Ms. Gorovets alleges that the Amended Complaint fails to state a claim against her because it does not sufficiently allege that she was plaintiff's employer as that term is defined by the FLSA or NYLL. The definitions of an employer under the two statutes are generally treated as coextensive, and since Ms. Gorovets's motion discusses only the FLSA in any detail, the Court will do the same. See Lopez v. Pio Pio NYC, Inc., 2014 WL 1979930, at *2 (S.D.N.Y. May 15, 2014).

Under the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Given the broad and opaque nature of this definition, courts have held that the question of who

4

qualifies as an employer under the statute should be answered by an individualized review of the totality of the circumstances, one "grounded in economic reality rather than technical concepts." See Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 141 (2d Cir. 2008) (quoting Goldberg v. Whitaker House Coop., Inc., 366 U.S. 23, 33 (1961)). In determining whether an individual or entity is an employer as a matter of economic reality, courts may consider such factors as "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Velez v. Sanchez, 693 F.3d 308, 326 (2d Cir. 2012) (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984)). However, no one of these factors standing alone is dispositive, and courts should consider any other relevant evidence "so as to avoid having the test confined to a narrow legalistic definition." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999).

In this case, plaintiff has more than plausibly alleged that Ms. Gorovets was one of his employers at APS. According to the Amended Complaint, Ms. Gorovets "told [p]laintiff where to work and when to work" (Am. Compl. ¶ 15), was in charge of paying him and all other APS employees (id. ¶¶ 13-14), had the authority to determine when and how much plaintiff was paid (id. ¶ 13), and generally "managed, supervised, established, and administered the terms and conditions" of his employment (id. ¶¶ 9, 13). Ms. Gorovets claims that these allegations are "only a conclusory restatement of the legal standard" (Dkt. No. 12-1 at 5), but she is mistaken. A conclusory restatement of the legal standard would be a paragraph stating merely that "upon information and belief, [d]efendants were employers . . . within the meaning of the FLSA." See Xue Lian Lin v.

5

Comprehensive Health Mgmt., Inc., No. 08 Civ. 6519, 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009). As noted above, the Amended Complaint contains far more.

In short, to state a claim against Ms. Gorovets, plaintiff needed to allege that she had a "degree of individual involvement [in the company] that affect[ed] employment-related factors such as workplace conditions and operations, personnel, or compensation." See, e.g., Irizzary v. Catsimatidis, 722 F.3d 99, 109 (2d Cir. 2013); Lopez, 2014 WL 1979930, at *3. That is precisely what he has done, and his case may proceed against her.

## CONCLUSION

For the foregoing reasons, Ms. Gorovets' motion to dismiss the Amended Complaint as against her is DENIED in its entirety.

SO ORDERED.

Dated:	Brooklyn, New York
	September 8, 2014

	/s/
	I. Leo Glasser
	Senior United States District Judge